---

(78 Misc. Rep. 15.)

### In re WARD et al.

(Supreme Court, Special Term, Kings County. October 15, 1912.)

ELECTIONS (§ 154*)—PRIMARY ELECTION—ACTS OF INSPECTORS—REVIEW—ELECTION LAW—INSTRUCTIONS—"THIS ARTICLE."

　　Election Law (Laws 1911, c. 891) § 56, provides that any action or neglect of members of a political convention or committee, or of any inspector of primary election, or of any public officer or board, with regard to the right of any person to participate in a primary election, convention, or committee, or to enroll with any party, or with regard to any right given to, or duty prescribed for, any voter, political committee, officer, or board, by "this article," shall be reviewable by summary proceedings, etc., before the Supreme Court, or a justice thereof, within the judicial district where the transaction, act, or neglect of duty took place. *Held*, that the phrase "this article" is not limited to article 4, which does not prescribe any duties for inspectors of primary elections, but includes articles 4a and 4b, supplemental to article 4, regulating primary elections and conventions.

　　[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

In the matter of the application of Robert B. Ward and another to review the action of the inspectors of primary elections in certain assembly districts in Kings county under Election Law, § 56. Granted.

Joseph Nicchia, of New York City, for petitioners.

Melville J. France, of Brooklyn, for Charles I. Stengle.

Archibald R. Watson, Corp. Counsel, of New York City (James D. Bell and Charles J. Druhan, both of Brooklyn, of counsel), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

STAPLETON, J. The moving papers do not show illegalities in the primary election which would change the result in relation to the candidate for member of assembly in the Sixteenth assembly district, and, in so far as the motion affects the nomination of Charles I. Stengle, the motion is denied.

The moving papers do show neglect or illegal action on the part of certain inspectors of primary election in the assembly districts of which the Eighth senatorial district is composed, in relation to the statement of result of the canvass of the votes for senator. I am bound to say, however, that they do not satisfy me that such neglect or illegal action necessarily sustains any suggestion of fraud. It is probable that the occurrences are due rather to ignorance and neglect in the performance of duty.

There is no obvious reason why the Republican inspectors should have fraudulently aided an opposing candidate, and no motive for fraud is suggested in the moving papers, or was claimed on the argument. No papers have been presented in opposition; but the learned counsel representing the officials opposes the motion of the petitioners, asserting that section 56 of chapter 891 of the Laws of 1911 has made a radical change in the Election Law relating to judicial review of the action or neglect of inspectors of primary election, to the effect that the action or neglect of those officers is not now subject to judicial review. His contention is that a review is now confined to duties prescribed by article 4 of the Election Law, which article does not prescribe any duties for inspectors of primary election. Those duties are now prescribed in article 4a.

It is sufficient for the purposes of this motion to hold that an ordinary and reasonably plain construction of the phrase "this article," contained in article 4, would include the power to review acts or neglect concerning duties imposed upon officers, not only by article 4 itself, but also by the supplemental articles 4a and 4b. Any other interpretation would be narrow, and, indeed, destructive, of other essential phrases in and features of the statute.

If this be not correct, the Legislature has taken a backward step, and the fraudulent, illegal, or negligent acts or omissions of inspectors of primary election and officers or members of political conventions are no longer subject to review. Such a design is not to be attributed to the Legislature without more cogent reason.

I decide that the ballot boxes be opened, the enrollment books examined, the true result adjudged, the boards directed to reconvene and make and file a statement of the result as so adjudged, and that a certificate be issued to the candidate lawfully elected.